UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14183-CV-MARTINEZ
MAGISTRATE JUDGE REID

CELESTOR ORTEZ GREGORY,

    Petitioner,

v.

MARK S. INCH,

    Respondent.
    _____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Petitioner, **Celestor Gregory**, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for robbery with a weapon, entered following a jury verdict in Indian River County Circuit Court, Case No. 31-2010-CF-001429-A. [ECF No. 1].

This cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts. [ECF No. 2].

The Court has considered the Petition [ECF No. 1] and Respondent's Response to this Court's Order to Show Cause [ECF No. 12], along with its supporting appendix [ECF Nos. 13, 14], containing copies of relevant state court pleadings, including hearing and trial transcripts, and Petitioner's Reply [ECF No. 19]. Upon review, and for the reasons detailed below, Petitioner is not entitled to relief.

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises the following grounds for relief:

1.  He received ineffective assistance of counsel when his lawyer failed to move for dismissal of the robbery with a weapon count based on a double jeopardy violation. [ECF No. 1 at 5].

2.  He received ineffective assistance of counsel when his lawyer failed to file a petition for writ of prohibition challenging the denial of his motion to dismiss based on Florida's Stand Your Ground Law. [*Id*. at 9].

3.  He received ineffective assistance of counsel when his lawyer failed to request a justifiable use of deadly force jury instruction. [*Id*. at 16].

## III. Procedural History

In 2010, Petitioner was charged by information with robbery with a deadly weapon and in the course thereof committing aggravated battery (Count 1), aggravated battery (Count 2), leaving the scene of an accident with personal injury (Count 3), felony petit theft (Count 4), resisting a merchant (Count 5), and driving while license suspended (Count 6). [ECF No. 13-1, Ex. 2]. Prior to trial, Petitioner entered a no contest plea to Counts 4 and 6. [*Id*., Ex. 3]. His sentencing on those counts was postponed until the remaining counts were resolved at trial. [*Id*., Ex. 4].

Petitioner proceeded to his first trial on the remaining charges. During that trial, the State dismissed Count 3 and the trial court granted the defense's motion for judgment of acquittal as to Count 5. [*Id*., Exs. 5, 6]. Petitioner was found guilty of the lesser included offenses of robbery with a weapon (Count 1) and battery (Count 2). [*Id*., Ex. 7]. Petitioner was sentenced as a habitual felony offender and prison releasee reoffender to a 30-year term of imprisonment.[1] [*Id*., Ex. 8].

---

[1] Petitioner received a sentence of "time served" for Count 2, a five-year term of imprisonment on Count 4, and "time served" on Count 6. [ECF No. 13-1, Ex. 8].

On appeal, the Fourth District Court of Appeal ("Fourth DCA") reversed Petitioner's conviction in a written opinion, finding that the trial court fundamentally erred in instructing the jury that Petitioner could not defend himself if he was committing a forcible felony. [*Id.*, Ex. 16]; *see also Gregory v. State*, 141 So. 3d 651 (Fla. 4th DCA 2014). However, the Fourth DCA rejected Petitioner's claims that (1) his convictions for robbery with a weapon and battery violated double jeopardy; and (2) the trial court erred when it denied his motion for judgment of acquittal on the robbery count. *See id.*

Prior to his second trial, Petitioner filed a motion to dismiss on the basis of Florida's "Stand Your Ground" immunity defense. [ECF No. 13-1, Ex. 18]. The trial court held an evidentiary hearing on the motion immediately prior to Petitioner's second trial. [ECF No. 14-1 at 1-78]. After the hearing, the trial court entered a detailed order denying the motion. [ECF No. 13-1, Ex. 19].

At trial, the jury found Petitioner guilty of robbery with a weapon, as charged in Count 1, and battery, as charged in Count 2. [*Id.*, Ex. 20]. Petitioner was again sentenced to a term of thirty years' imprisonment. [*Id.*, Ex. 21].

On appeal, Petitioner, through counsel, raised two arguments: (1) whether the trial court committed fundamental error (or, in the alternative, trial counsel was ineffective) when it failed to instruct the jury on the justifiable use of deadly force; (2) whether the trial court erred when it denied Petitioner's Stand Your Ground motion; and (3) whether the trial court erred when it sentenced Petitioner as a prison releasee reoffender. [*Id.*, Exs. 23-25]. The Fourth DCA affirmed Petitioner's judgment of conviction in a written opinion, expressly finding that the trial court's failure to instruct the jury on the justifiable use of deadly force was not fundamental error. [*Id.*, Ex. 26]; *see also Gregory v. State*, 211 So. 3d 292 (Fla. 4th DCA 2017). The Florida Supreme Court declined Petitioner's request to exercise discretionary jurisdiction. [ECF No. 13-2, Ex. 34].

Petitioner then filed a *pro se* amended petition for writ of habeas corpus in the Fourth DCA, alleging appellate counsel was ineffective for failing to argue on appeal that (1) the trial court committed fundamental error when it instructed the jury on merchant law, a theory not charged in the information, and (2) Petitioner's double jeopardy rights were violated when he was found guilty of robbery after pleading guilty to felony petit theft. [*Id*., Ex. 36]. The petition was summarily denied. [*Id.*, Ex. 39].

While the habeas proceedings were pending, Petitioner returned to the trial court, filing a *pro se* motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. [*Id*., Ex. 40]. In that motion, Petitioner raised the following claims relevant to the instant habeas petition: (1) trial counsel was ineffective for failing to request a jury instruction on the justifiable use of deadly force to support Petitioner's defense; (2) trial counsel was ineffective for failing to object to a violation of Petitioner's double jeopardy rights; and (3) trial counsel was ineffective for failing to file a petition for writ of prohibition based on the denial of the Stand Your Ground motion. [*Id*.].

The trial court denied the motion for the reasons set forth in the State's response. [*Id.,* Ex. 41-42]. Petitioner challenged the denial of the motion on appeal, and the Fourth DCA ordered the State to respond solely to Petitioner's claim that trial counsel was ineffective for failing to address double jeopardy. [*Id.*, Exs. 47-48]. The Fourth DCA affirmed the lower court's decision *per curiam*, without written opinion. [*Id*., Ex. 50]; *see also Gregory v. State*, 259 So. 2d 835 (Fla. 4th DCA 2018). Petitioner filed the instant Petition on **May 24, 2019**. [ECF No. 1 at 25].

### IV. Timeliness and Exhaustion

Review of the procedural history of this case confirms that less than one year of un-tolled time expired after the Petitioner's judgment became final and the filing of the Petition. Therefore,

4

as the Respondent correctly concedes [ECF No. 12 at 14], the Petition is timely filed under 28 U.S.C. § 2244(d).

Respondent also does not dispute that each of Petitioner's claims has been fairly presented at the state level for purposes of exhaustion. [ECF No. 12 at 17]. As such, the Court proceeds with a merits analysis below.

## V. Governing Legal Principles

A. <u>Standard of Review</u>

The court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Abdul–Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *see also Ledford v. Warden, Ga. Diagnostic & Classification Prison,* 818 F.3d 600, 642 (11th Cir. 2016). AEDPA ensures that federal habeas corpus relief works to "guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *See Greene v. Fisher,* 565 U.S. 34, 38 (2011). This standard is both mandatory and difficult to meet. *See White v. Woodall,* 572 U.S. 415, 420 (2014).

Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 182 (2011); *see also Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011).

Where the state court's adjudication on the merits is unaccompanied by an explanation, federal courts must "look through the unexplained decision to the last related state-court decision that does provide a rationale" and, "then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers,* 138 S. Ct. 1188, 1192 (2018).

Where the claim was "adjudicated on the merits," in the state forum, § 2254(d) prohibits re-litigation of the claim unless the state court's decision was (1) "contrary to, or involved an

5

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington,* 562 U.S. at 97-98.

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *See id*. at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas corpus relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Mitchell v. Esparza,* 540 U.S. 12, 16 (2003); *see also Tharpe v. Warden,* 834 F.3d 1323, 1337 (11th Cir. 2016) (accord). In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson,* 138 S. Ct. at 1192. As applied here, to the extent Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

B. <u>Ineffective Assistance of Counsel Standard</u>

Here, Petitioner also raises several claims challenging counsel's effectiveness. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *See Strickland v. Washington,* 466 U.S. 668, 684–85 (1984).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness; and, (2) he suffered prejudice resulting from that deficiency. *See Strickland,* 466 U.S. at 687-88.

To establish deficient performance, the movant must show that, in light of all circumstances, counsel's performance was outside the wide range of professional competence. *See Cummings v. Sec'y for Dep't of Corr.,* 588 F.3d 1331, 1356 (11th Cir. 2009). The Court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate but only [on] what is constitutionally compelled." *Chandler v. United States,* 218 F.3d at 1313; *see also Burger v. Kemp,* 483 U.S. 776 (1987). Counsel is not ineffective for failing to raise non-meritorious issues. *See Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001). Counsel is also not required to present every non-frivolous argument. *See Dell v. United States,* 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697; *see also Brown v. United States,* 720 F.3d 1316, 1326 (11th Cir. 2013).

### VI. Discussion

In **claim 1**, Petitioner alleges that his right to effective assistance of counsel was violated when his lawyer failed to move for dismissal of the robbery with a weapon count based on the prohibition against double jeopardy. [ECF No. 1 at 5]. Specifically, Petitioner alleges that after he

completed his five-year sentence for his felony petit theft conviction, to which he pled no contest, he proceeded to his second trial on the robbery offense. [*Id.* at 6]. Thus, because Petitioner had already completed his sentence at the time of his second trial, his subsequent prosecution and conviction for robbery twice punished him for the same offense. [*Id.*]. Petitioner cites *Lafferty v. State*, 114 So. 3d 1115 (Fla. 2nd DCA 2013) to support his claim. [*Id*. at 7].

When Petitioner raised this claim in his Rule 3.850 Motion, the trial court denied it for the reason's set forth in the State's response [ECF No. 13-2, Ex. 42]. In its response, the State argued:

> The defendant alleges that his double jeopardy rights were violated because he pled no contest to the charge of Felony Petit Theft (Florida Statute 812.014) and the Jury later convicted him of Robbery with a Weapon (Florida Statute 775.087). He asserts this violates double jeopardy because he cannot be convicted twice for committing the same crime (citing Simons [sic] v. St., 634 So.2d 153 (Fla. 1994), Elozar v. St., 825 So. 2d 490 (5th DCA 2002); Sessler v. St., 740 So. 2d 587 (5th DCA 1999); and Lafferty v. St., 114 So. 3d 1115 (2nd DCA2013)).
>
> The Defendant's reliance on these cases is misplaced, and there was no error by trial counsel. Sirmons [sic] was superseded by Valdes v. St., 3 So. 3d 1067 (Fla. 2009) to determine the proper test to evaluate double jeopardy concerns. In this case, the defendant pled to Felony Petit Theft and was convicted of Robbery With a Weapon. The cases cited by the defendant are superseded by the Florida Supreme Court's ruling in McKinney v. St., 66 So. 3d 852 (Fla 2011) which held that convictions for Robbery and Theft did not violate double jeopardy. McKinney at 857. Based upon the Court's holding in McKinney, trial counsel did not err. Further, the issue the defendant raises could have and should have been raised on his direct appeal.

[*Id.*, Ex. 41 at 86-87].

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This guarantee is applicable to the States through the Fourteenth Amendment's Due Process Clause. *See Benton v. Maryland*, 395 U.S. 784 (1969). The prohibition against double jeopardy consists of three separate guarantees: "(1) It protects against a second prosecution for the same offenses after acquittal. [(2) I]t protects against a second prosecution for the same offense after conviction. [(3)] And it protects against

8

multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 415 (1980) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Notably, "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [a defendant] for such multiple offenses in a single prosecution." *Ohio v. Johnson*, 467 U.S. 493, 499-500 (1984).

Generally, "[t]he question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. at 499. Absent a clear indication of contrary legislative intent, the courts apply the "same-elements" test of *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether a single criminal incident may be cumulatively punished under separate statutory provisions. The same-elements test inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. *See id*. at 304. In Florida, separate convictions for different offenses arising from a single act are only permissible where each separate offense contains an element that the other lacks. *See* Fla. Stat. § 775.021(4)(a), (b).

Here, Petitioner's argument is unpersuasive. The State charged Petitioner with robbery with a weapon and felony petit theft. Each requires proof of an element that the other does not. Particularly, as to felony petit theft, the State must prove that a defendant has been convicted of petit theft on two previous occasions. *See* Fla. Stat. § 812.014(3)(c). There is no such requirement for robbery. *See Sims v. State*, 260 So. 3d 509, 513 (Fla. 1st DCA 2018) (citing *McKinney v. State*, 66 So.3d 852, 856-57 (Fla. 2011) for the position that double jeopardy does not prohibit dual convictions for robbery and theft). Accordingly, punishment for both offenses did not violate the

9

principle against double jeopardy and his lawyer cannot be deemed ineffective for failing to challenge Petitioner's prosecution on double jeopardy grounds.[2]

Nevertheless, even if Petitioner's convictions did violate the principle against double jeopardy, the proper remedy available to Petitioner would be to vacate his conviction for felony petit theft, not the greater offense of robbery with a weapon. *See Pray v. Crosby*, 1:04-CV-00381-MP-WCS, 2006 WL 680821, *1 (N.D. Fla. Mar. 15, 2006) (citing *Williams v. Singletary*, 78 F.3d 1510, 1517 (11th Cir. 1996)). However, Petitioner's conviction and sentence for the felony petit theft expired in 2015, three years before he filed his Petition here.[3] Accordingly, Petitioner is not "in custody" on that conviction and the Court lacks subject matter jurisdiction to grant a writ of habeas corpus as to that conviction. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (finding "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed"). For these reasons, the state court's resolution of this claim is entitled to deference under § 2254(d). Claim 1 should be denied.

In **claim 2**, Petitioner alleges that his lawyer was ineffective for failing to file a petition for writ of prohibition based on the denial of his Stand Your Ground motion. [ECF No. 1 at 9]. Specifically, Petitioner claims that counsel could have argued in a writ of prohibition that (a) the trial court abused its discretion in misapplying the circumstances of the case; (b) theft is not a continuing offense and once Petitioner left the store with the stolen bottle of vodka, the theft was complete; and (c) the trial court erroneously applied "The Merchant's Law". [*Id*. at 13-14].

---

[2] Petitioner's reliance on *Lafferty v. State*, 114 So.3d 1115 (Fla. 2nd DCA 2013) is misplaced. In *Lafferty*, the Second District Court of Appeal found that a defendant's convictions for second degree petit theft and robbery violated double jeopardy because the arrest affidavit, to which the defendant pled guilty, did not require a certain value to be proven. Here, Petitioner pled guilty to felony petit theft, which requires a separate element: that he have two previous convictions for petit theft.

[3] The Undersigned takes judicial notice of the records found on the Florida Department of Corrections website, which can be found online at http://www.dc.state.fl.us/offendersearch/. *See* Fed. R. Evid. 201. A copy of the relevant document has been incorporated into the record by separate order.

When Petitioner raised this claim in state court, the trial court denied the claim [ECF No. 13-2, Ex. 42] by adopting and incorporating the legal reasoning contained in the State's response, where the State argued the following:

> While the defendant is correct that a writ of prohibition was never filed by trial counsel, his assertion of error is without merit. The denial of defendant's "Stand Your Ground" motion was appealed by the defendant. (State exhibit 2, page 24). A writ of prohibition is not the only avenue by which to challenge the denial of a Stand Your Ground motion. While a writ of prohibition is a valid method to challenge the court's ruling, it is not **exclusive**. Joseph v. State, 103 So. 3d 227, 229 (Fla. 4th DCA 2012).
>
> Even if it is concluded that defendant's counsel erred in not filing a writ of prohibition, there is no prejudice to the defendant. It is well established that a writ of prohibition is reviewed with the same standard of review as a direct appeal. Viera v. State, 163 So. 3d 602, 604 (Fla. 3rd DCA 2015) ("In reviewing a petition for writ of prohibition, this Court must consider the merits of the defendant's motion to dismiss in the same manner as if it were on direct appeal.") Because the standard of review is the same, the appellate court would evaluate the defendant's assertions in a writ of prohibition with the same level of scrutiny it would on direct appeal. In this case, the defendant did appeal the court's ruling on the Stand Your Ground motion, and the Fourth District Court of Appeal denied the defendant's appeal (State Exhibit 2, and State Exhibit 3). The defendant obtained the same benefit of having the appellate court review the denial of his SYG motion as he would have had his counsel filed a writ of prohibition with the appellate court. Because of this, there was no error on the part of trial counsel.

[ECF No. 13-2, Ex. 41 at 87-88] (emphasis in original).

Under Florida's Stand Your Ground law, Fla. Stat. § 776.032, an individual is immune from criminal prosecution for using or threatening to use force as permitted in Fla. Stat. § 776.012, § 776.013, and § 776.031. Fla. Stat. § 776.013(3) provides that a person who is not engaged in unlawful activity has the right to stand their ground and "meet force with force….if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself…or to prevent the commission of a forcible felony." The burden to show that immunity attaches is by a preponderance of the evidence. *See Brethererick v. State*, 170 So. 3d 766, 779 (Fla. 2015).

At the Stand Your Ground hearing, held immediately prior to trial, Petitioner testified that on the date of the incident, he walked into Chesser's Gap Spirits Gap and took a bottle of vodka off the shelf. [ECF No. 14-1 at 21]. There were only two people in the store: Mrs. Vaughn, the store clerk, and a customer at the desk. [*Id.*]. Petitioner then walked out of the store without paying for the vodka, got into his vehicle and proceeded to leave the parking lot. [*Id.*]. While he was leaving the parking lot, an unknown assailant, later identified as Mr. Fisher, jumped through the open driver's side window of Petitioner's car. [*Id*. at 22]. The person did not identify himself as an employee of Chesser's. [*Id.*].

When Fisher jumped through the window, he tried to take Petitioner's keys. [*Id.*]. As the two struggled for five to seven minutes, Fisher bit him. [*Id*. at 22-23, 25]. Petitioner was cut several times behind his ear with a box cutter and felt like his life was in danger. [*Id*. at 23]. Petitioner asked Fisher several times to get out of his car, but he refused. [*Id.*]. Then, out of fear for his life, Petitioner reached down, grabbed the bottle of vodka, and hit Fisher with it, breaking the bottle. [*Id.*]. Fisher then gave Petitioner back his keys, but Fisher attacked him again. [*Id*. at 24]. When Fisher fell out of the car, the car accidentally ran over his leg. [*Id.*].

Ms. Vaughn testified that she observed Petitioner steal the bottle of vodka. [*Id*. at 59]. She told Petitioner to put the bottle back, but Petitioner said that he "didn't have to" and exited the store. [*Id*. at 60].

Carl Fisher, the owner of Chesser's, testified that when he arrived at the store on the date of the incident, he observed an individual, later identified as Petitioner, coming out of the store quickly. [*Id.* at 39]. Fisher did not have any identifying clothes or a name tag. [*Id.* at 40]. When Fisher entered the store, Ms. Vaughn told him that Petitioner had stolen a bottle of Grey Goose vodka. [*Id.* at 41]. Fisher then set the bags down, turned around, and followed Petitioner as he

12

walked to his car. [*Id*.]. When Fisher told Petitioner to stop, he took off running and immediately got into his car. [*Id*. at 42-43]. Fisher reached into the car to take the key out in order to stop Petitioner from leaving, but the car was already in drive. [*Id*.]. Petitioner then began to drive away while Fisher was half-stuck inside the car. [*Id*. at 44]. As Petitioner tried to drive away, Fisher tried to turn the car off. [*Id*. at 44]. At no point did Fisher ever hit Petitioner; he was simply trying to hang onto the car and trying to keep balance. [*Id*. at 45]. Fisher kept telling Petitioner to stop, but Petitioner wouldn't, and kept telling Fisher that he was going to kill him. [*Id*. at 46]. Eventually, the car came to a stop, and Petitioner squirmed his way out of the passenger's side of the car. [*Id*. at 47]. Petitioner then walked around the car and began punching Fisher on the driver's side while Fisher was still trying to get the keys out of the car. [*Id*. at 48]. Fisher did not have any weapons. [*Id*. at 49]. Eventually, Petitioner put Fisher into a headlock, and Fisher bit Petitioner to try to prevent Petitioner from choking him. [*Id*. at 51]. The two continued to struggle, and Petitioner took out the bottle of vodka and broke it over Fisher's head. [*Id*. at 53]. As Petitioner came toward Fisher with the broken bottle neck, Fisher told Petitioner that he was "done" and to let him out of the car. [*Id*. at 54]. Petitioner let him out and drove away. [*Id*.]. At no point during the exchange, did Fisher punch or swing at Petitioner. [*Id*. at 55].

The trial court entered a detailed order denying the motion. [ECF No. 13-1, Ex. 19]. In pertinent part, the court stated:

> …the defendant has failed to meet his burden of proof. His testimony regarding being attacked by the liquor store owner is fabricated and not worthy of belief. There is no evidence whatsoever of the existence of a box cutter other than the testimony of the defendant. I do not believe as a matter of fact that Mr. Fischer was attempting to attack the defendant, or that the defendant actually believed he was being attacked. The defendant admitted to being under the influence of a controlled substance during the time of the incident. As the fact finder, I choose not to believe his testimony.
>
> Additionally, under Section 812.015(3)(a) Florida Statutes, a merchant has the authority to take an offender into custody and physically detain the offender for

13

>prosecution. There is nothing in the statute that requires any uniform or identification prior to taking this action. Mr. Fisher, as the owner of the store being victimized, was well within his legal rights to attempt to stop and detain the defendant following the theft.

[ECF No. 13-1, Ex. 19 at 186-87].

Here, Petitioner cannot demonstrate any prejudice because counsel did challenge the denial of the Stand Your Ground motion on direct appeal.

The mere fact that the Fourth DCA failed to state whether it was denying the claim on the merits does not entitle Petitioner to relief. As noted by the Respondent [ECF No. 12 at 34], even a summary rejection on appeal is considered an adjudication on the merits which is entitled to deference under § 2254(d). *See Harrington*, 562 U.S. at 99. Accordingly, Petitioner cannot show any prejudice because the very issues that he claims counsel failed to raise in a petition for writ of prohibition, were raised and rejected by the Fourth DCA on direct appeal.

Further, even if counsel had filed a petition for writ of prohibition, Petitioner fails to demonstrate a reasonable likelihood that the writ would have been granted. Testimony presented at the evidentiary hearing demonstrated that Petitioner stole the vodka and knew that Mr. Fisher was trying to stop him. Still, Petitioner battered Fisher with the vodka bottle during the course of the taking, in an attempt to the complete the robbery. Petitioner fails to provide clear and convincing evidence to rebut the trial court's finding regarding the credibility of the witnesses at the hearing. *See Nejad v. Att'y Gen. Ga*. 830 F. 3d 1280, 1292 (11th Cir. 2005). It appears that the trial court took great care in examining the testimony presented at the hearing, and its finding that Petitioner's testimony was not credible was well within its province. *See id.* at 1292 (citing *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011)). Accordingly, there is nothing from the record to suggest that the trial court's determination that Petitioner failed to satisfy his burden of proving Stand Your Ground immunity was erroneous. As such, Petitioner

14

cannot demonstrate any prejudice and the state court's resolution of this claim is entitled to deference under § 2254(d). Claim 2 should be denied.

In **claim 3**, Petitioner alleges that counsel was ineffective for failing to request a jury instruction on the justifiable use of deadly force. [ECF No. 1 at 16]. Review of the record reveals that on appeal, counsel argued that the trial court fundamentally erred by failing to instruct the jury on the justifiable use of deadly force, or alternatively, that trial counsel was ineffective for failing to request the deadly force instruction. [ECF No. 13-1, Ex. 23 at 219]. In its opinion affirming Petitioner's conviction, the Fourth DCA found the following:

> On appeal, Gregory argues that the failure to instruct the jury on the justifiable use of deadly force was fundamental error, since the jury may have found that Gregory used deadly force in smashing the store owner over the head with a glass bottle. Although Gregory correctly asserts that he introduced evidence to support giving the deadly force instruction, we disagree with his assertion that this error rises to the level of fundamental error.

*Gregory*, 211 So. 3d at 293. Petitioner raised his ineffectiveness claim, the very claim the Fourth DCA on direct appeal said was not fundamental error, in his Rule 3.850 Motion, it was denied for the reasons set forth in the State's response. [ECF No. 13-1, Exs. 41, 42].

Here, review of the record reveals that counsel likely made a strategic decision not to request the deadly force instruction. During opening statement, counsel admitted that Petitioner committed a theft, but not a robbery. [ECF No. 14-1 at 282]. Counsel asserted that Mr. Fisher's actions were unreasonable when he reached into Petitioner's car to grab his keys, without identifying himself as the store owner. [*Id*. at 282-83]. As such, counsel argued that Petitioner's actions were justified. [*Id*. at 283]. The jury heard Petitioner's recorded statement to police in which he admitted being high on crack cocaine and stealing the bottle of vodka. [*Id.* at 361]. During that statement, Petitioner asserted that no one said anything to him as he walked out of the car. [*Id.* at 362]. He panicked when Mr. Fisher jumped through his window because he was high on crack

and tried to defend himself by pushing Mr. Fisher. [*Id.* at 364]. Petitioner acknowledged that it was possible that he hit Mr. Fisher with the vodka bottle while Fisher was sitting in the driver's seat. [*Id*. at 368]. When Petitioner fled, he did not intentionally run over Fisher. [*Id*. at 369]. At no point during the trial did counsel argue that Petitioner was justified in the use of deadly force. When discussing the jury instructions, the prosecutor agreed that Petitioner did not use deadly force, as evidenced by the fact that the prior jury had acquitted him of robbery with a deadly weapon. [*Id*. at 388].

In closing, counsel focused her argument on the fact that Mr. Fisher's actions were unreasonable and contended that Petitioner used the "appropriate amount of force to stop" the danger Mr. Fisher was creating towards him [*Id*. at 435, 444-45]. Even the prosecutor in his closing argument did not argue that Petitioner's actions constituted unwarranted "deadly" force. Instead, the prosecutor argued that Petitioner's actions were not justified because he knew that Mr. Fisher was confronting him to prevent him from stealing the vodka, and that he was not the victim of a random attack. [*Id*. at 427-28].

In light of the evidence and argument presented, requesting a justifiable use of deadly force instruction would have been contrary to counsel's attempt to minimize Petitioner's actions. Arguing that Petitioner was justified in using *deadly* force would have been a more difficult hurdle to overcome. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See id.* at 690-91. To uphold a lawyer's strategy, a court need not attempt to divine the lawyer's mental processes underlying the strategy, because there are "countless ways to provide effective assistance in any given case." *Id.* at 689.

Even assuming counsel was deficient for failing to request a deadly force instruction, Petitioner cannot demonstrate prejudice because he fails to provide any facts to suggest that the

16

outcome at trial would have been different had counsel requested the instruction. Petitioner's allegation that he would have been acquitted of the robbery if the jury had been given the deadly force instruction is purely speculative, without evidentiary support in the record. Such speculative assertions are insufficient to demonstrate ineffective assistance of counsel.

Moreover, despite receiving a non-deadly force instruction, the jury was unconvinced that Petitioner was justified in defending himself with non-deadly force. Accordingly, there is no reasonable probability that the jury would have been persuaded by the more-restrictive justifiable use of deadly force instruction. *See Brown v. Warden*, 562 F. App'x 779, 782 (11th Cir. 2014). Accordingly, the state court's resolution of this claim should not be disturbed here. *Williams v. Taylor, supra*. Claim 3 should be denied.

### VII.   Evidentiary Hearing

In a habeas corpus proceeding, the burden is on Petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

### VIII.   Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability

17

("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record, this court should deny a COA. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

## IX.    Conclusion

Based upon the foregoing, it is recommended that the Petition for Writ of Habeas Corpus be denied, that no Certificate of Appealability issue and the case closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 12th day of May, 2021.

                                                      */s/ Lisette Reid*
                                      UNITED STATES MAGISTRATE JUDGE

cc:    Celestor Ortez Gregory
       536412
       Mayo Correctional Institution
       Inmate Mail/Parcels
       8784 US Highway 27 West
       Mayo, FL 32066
       PRO SE

       Heidi L. Bettendorf
       Attorney General's Office
       1515 N Flagler Drive
       Suite 900
       West Palm Beach, FL 33401-3432
       561-837-5000
       Fax: 837-5099
       Email: CrimAppWPB@MyFloridaLegal.com